UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GREGORY BRADLEY,

    Plaintiff,

v.                                                    Case No. 3:17cv145/LC/CJK

PATRICIA GRINSTED, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983 (doc. 1), and a motion for appointment of counsel (doc. 2). For the reasons that follow, the undersigned concludes that this case should be dismissed under 28 U.S.C. § 1915(e)(2)(B), because plaintiff's complaint fails to state a claim on which relief may be granted and seeks monetary relief against defendants who are immune from such relief.

Plaintiff is an inmate of the Okaloosa County Jail in Crestview, Florida. Plaintiff's complaint names as defendants Okaloosa County Circuit Court Judge Patricia Grinsted, Chief Assistant State Attorney William Bishop, and Assistant State Attorney Amanda Robocker. (Doc. 1, p. 2). Plaintiff claims the defendants violated Rule 3.134 of the Florida Rules of Criminal Procedure when they detained him for more than 50 days after his arrest date, without formally charging him. (Doc. 1, p. 7). As relief, plaintiff seeks $50,000.00 in compensatory damages ("pay for

every days [sic] he served in custody beyond the 33rd days of violation of motion for release on own recognizance"), and $50,000.00 for "mental health anguish". (Doc. 1, p. 7).

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco*, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then

determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'" (*quoting Iqbal*, 556 U.S. at 679)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint is also subject to dismissal for failure to state a claim if the allegations – on their face – show that an affirmative defense bars recovery on the claim. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007) (reiterating that principle and providing, as an example, that if a complaint's allegations show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim).

Taking those well-pleaded factual allegations of plaintiff's complaint as true, it is apparent that plaintiff cannot maintain this action against the defendants. Plaintiff alleges that Judge Grinsted was the judicial officer who presided over his criminal cases (Okaloosa County Court Case Nos. 2017-MM-000029, and 2017-MM-000048), and that she failed to timely rule on his motion for release on his own recognizance filed under Fla. R. Crim. P. 3.134. (Doc. 1, p. 5). Plaintiff alleges that Assistant State Attorney Robocker was the prosecutor assigned to his cases and that

she failed to file formal charges. (Doc. 1, p. 6). Plaintiff seeks to hold Chief Assistant State Attorney Bishop liable on the grounds that he is ASA Robocker's supervisor. (Doc. 1, p. 6).

Judges acting in their judicial capacity are absolutely immune from liability for damages under § 1983. *Dennis v. Sparks*, 449 U.S. 24, 27-29, 101 S. Ct. 183, 66 L. Ed. 2d 185 (1980); *Procunier v. Navarette*, 434 U.S. 555, 561, 98 S. Ct. 855, 55 L. Ed. 2d 24 (1978); *see also Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005); *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). "Whether a judge's actions were made while acting in h[er] judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley*, 437 F.3d at 1070 (*citing Scott v. Hayes*, 719 F.2d 1562, 1565 (11th Cir. 1983)). A judge will not be deprived of immunity because the challenged action taken was in error, was done maliciously, or was in excess of the judge's authority; rather, the judge will be subject to liability only when the action was taken in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-357, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978) (*citing Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1871)); *Simmons v. Conger*, 86 F.3d 1080, 1084

(11th Cir. 1996); *Dykes v. Hosemann*, 776 F.2d 942, 945 (11th Cir. 1985). The absence of jurisdiction indicates that there is no subject matter jurisdiction, or that the acts of the judge are purely private and non-judicial. *See Conger*, 86 F.3d at 1084; *Dykes*, 776 F.2d at 948, n. 17. The term "jurisdiction," as it applies to judicial immunity, means the "judicial power to hear and determine a matter, not the manner, method, or correctness of the exercise of that power." 48A C.J.S. Judges § 86. Because it is clear that Judge Grinsted was acting within her judicial capacity when she delayed ruling on (or failed to rule on) plaintiff's motion for release on his own recognizance, his damages claims are barred.

Prosecutors Robocker and Bishop are also entitled to absolute immunity – on the basis of prosecutorial immunity – as their allegedly unlawful actions were performed within the scope of their roles as government advocates. *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004) (*citing Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993)). The initiation and pursuit of a criminal prosecution, appearances before the court and other in-court activity are classic examples of actions taken by a prosecutor in performing his or her role as a government advocate. *See Rivera*, 359 F.3d at 1353; *see also Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) (finding that absolute immunity extends to a prosecutor's acts performed "in preparing for the initiation of judicial proceedings

for trial, and which occur in the course of his role as an advocate for the State"). For qualifying acts, a prosecutor receives absolute immunity regardless of the prosecutor's motive or intent. *See Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) ("Absolute prosecutorial immunity is not defeated by a showing that the prosecutor acted wrongfully or even maliciously. . . .") (quotations omitted). Because Robocker's and Bishop's actions or inactions (failing to timely file formal charges against plaintiff) occurred in the course of their roles as advocates for the State, they are entitled to absolute prosecutorial immunity. Plaintiff's damages claims against them are barred.

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment . . . where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). As the deficiencies in plaintiff's complaint cannot be cured by amendment, this case should be dismissed.

Accordingly, it is respectfully RECOMMENDED:

1. That plaintiff's motion for appointment of counsel (doc. 2) be DENIED.

2. That this case be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B), because plaintiff's complaint fails to state a claim on which relief

may be granted and seeks monetary relief against defendants who are immune from such relief.

3. That the clerk be directed to close the file.

At Pensacola, Florida this 24th day of April, 2017.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.